IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STACY LYN KESSLER  \*
 \*
v.  \* Civil Case No. 14-75-JFM
 \*
CAROLYN W. COLVIN  \*
 \*
*************

MEMORANDUM OPINION

Pending before the Court are the parties' Cross-Motions for Summary Judgment. (Docket Nos. 7 and 9). Both parties have filed Briefs in Support of their Motions. (Docket Nos. 8 and 10). After careful consideration of each of those submissions, I am granting Defendant's Motion for Summary Judgment (Docket No. 9) and denying Plaintiff's Motion for Summary Judgment. (Docket No. 7).

## I. BACKGROUND

On March 24, 2011, Plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"). (R. 194-200). In her application, she alleged a disability onset date of January 2, 2011. *Id.* An Administrative Law Judge ("ALJ") held a hearing on August 16, 2012. (R. 36-64). Plaintiff appeared at the hearing with counsel and testified on her own behalf. *Id.* In a decision dated August 28, 2012, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform and that Plaintiff was therefore not disabled under the Act. (R. 19-35). The Appeals Council denied Plaintiff's request for review, (R. 1-3), making the ALJ's opinion the final, reviewable decision of the Commissioner. Plaintiff then filed this action. (Docket No. 1).

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

In Social Security appeals, this Court determines whether substantial evidence exists in

the record to support the Commissioner's decision. *See Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (*quoting Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). This Court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *See Palmer v. Apfel*, 995 F. Supp. 549, 552 (E.D. Pa. 1998). If the ALJ's findings of fact are supported by substantial evidence, this Court must uphold the ALJ's decision even if this Court would have decided the factual inquiry differently. *See Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). This Court must review the record as a whole in determining whether the ALJ's findings are supported by substantial evidence. *See* 5 U.S.C. § 706.

To be eligible for social security benefits, a claimant must demonstrate that he or she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. *See* 42 U.S.C. § 423(d)(1)(A); *Brewster v. Heckler*, 786 F.2d 581, 583 (3d Cir. 1986).

Each ALJ employs a five-step sequential analysis when evaluating a claim of disability. *See* 20 C.F.R. § 404.1520. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. § 404.1520. The

claimant carries the burden through the first four steps of the sequential evaluation, including the burden of establishing an inability to perform past relevant work. *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979). If the claimant fulfills this burden, the Commissioner bears the burden of proof at step five to show that the claimant is capable of other substantial gainful activity. *Id.*

After reviewing the entire record, this Court may affirm, modify, or reverse the ALJ's decision. *See Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984).

## B. WHETHER THE ALJ ERRED IN EVALUATING THE EFFECTS OF PLAINTIFF'S HEADACHES ON HER ABILITY TO WORK

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform "a full range of work at all exertional levels but with the following nonexertional limitations: she cannot perform work requiring sustained fine visual acuity, e.g., work requiring prolonged periods of computer usage or reading text as an integral part of the job. Further, the claimant should not work at unprotected heights, around dangerous machinery, or around other similar workplace hazards." (R. 26). Plaintiff alleges that this RFC determination does not adequately account for the amount of time she would be absent for work or off task as a result of her headaches. Pl.'s Mot. 5 (Docket No. 8). Although Plaintiff's brief is divided into three related sections, essentially, Plaintiff's argument is that if her testimony about her limitations pertaining to her headaches is credited, she would either be absent from work at least two days per month or would require such frequent breaks that she would be unable to sustain competitive employment. *Id.*

In contrast, the ALJ relied upon a variety of evidence to support his conclusion that, by eliminating work requiring fine visual acuity, Plaintiff's persistent daily headaches could be adequately controlled. The ALJ cited: (1) Plaintiff's brain MRI, which was within normal limits, (R. 28, 276); (2) treatment notes from Plaintiff's treating physician, Dr. Howick, documenting

3

headaches that are well controlled by medication, (R. 28, 344); (3) a May 31, 2012 opinion from another treating physician, Dr. Villella, stating that Plaintiff's headaches were induced by the performing of close work and that her headaches and vision conditions caused no limitation on her level of functioning with the exception of near acuity and accommodation; (R. 28, 325-26); (4) Plaintiff's activities of daily living, including caring for personal needs, driving on a regular basis, preparing simple meals, light household chores, and current part-time employment which includes sustained fine visual acuity[1], (R. 29-30); (5) the lack of regular or emergency treatment for headache pain, (R. 30); and (6) the opinion of state agency physician Margel Guie, D.O. (R. 29, 103-07). The ALJ also discussed the May 2, 2011 opinion from Dr. Villella and a June 3, 2012 opinion from Dr. Howick, and assigned "little weight" to those opinions. (R. 29, 279-80, 327-32). The ALJ noted that "the documented clinical data of record is not disabling, notwithstanding their opinions on the questionnaires within." *Id.*; *see also Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d. Cir. 1992) (noting that this Court is not to "weigh the evidence or substitute its conclusions for those of the fact-finder"). In accordance with the abundance of medical evidence suggesting that Plaintiff's serious headaches are triggered by reading or computer usage, the ALJ properly crafted the RFC assessment to eliminate sustained periods of fine visual acuity. (R. 26-30).

Finally, the ALJ opined that Plaintiff's testimony "was generally credible." (R. 30). He noted that her more severe headaches appear to be triggered by "close up work" and that her other headaches are adequately controlled by prescription strength Tylenol. *Id.* That analysis is supported by the medical records, which draw a causal link between her severe headaches and her office work. *See, e.g.,* (R. 295) ("Headaches are worse as she is doing part time work."); (R.

---

[1] The ALJ properly relied upon, but did not exclusively rely upon, Plaintiff's activities of daily living in determining her RFC assessment. *See, e.g., Burns v. Barnhart*, 312 F.3d 113, 129-30 (3d Cir. 2002) (upholding analysis including consideration of activities of daily living); *Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir. 1999) (same).

4

300) ("She has been unable to really get involved in any activities because each time she would focus or read, her symptoms would present themselves."); (R. 301) ("She finds that when she tries to read or look in the computer it seems to trigger these episodes."). Thus, the record contains substantial evidence to support the ALJ's conclusion that Plaintiff would not miss an unreasonable amount of work or require inordinate breaks if she were to enter into employment that did not involve sustained fine visual acuity. Accordingly, remand is unwarranted.

III. CONCLUSION

For all of the foregoing reasons, Defendant's Motion for Summary Judgment is granted and Plaintiff's Motion for Summary Judgment is denied. An appropriate Order follows.

Dated: September 3, 2014

/s/ J. FREDERICK MOTZ
J. Frederick Motz
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STACY LYN KESSLER     *

v.     *     Civil Case No. 14-75-JFM

CAROLYN W. COLVIN     *

*************

## ORDER

For the reasons stated in the accompanying memorandum opinion, it is, this 30th day of September, 2014 ORDERED that

(1) Ms. Kessler's Motion for Summary Judgment (Docket No. 7) is DENIED;

(2) the Commissioner's Motion for Summary Judgment (Docket No. 9) is GRANTED;

(3) the Clerk is directed to CLOSE this case; and

(4) final judgment of this Court is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

/s/ J. Frederick Motz
J. Frederick Motz
United States District Judge